No. 23-1810

# United States Court of Appeals
## for the First Circuit

————————————

JOSEPH DONOVAN,
*Petitioner-Appellant*,

*v.*

MASSACHUSETTS PAROLE BOARD,
*Respondent-Appellee.*

————————————

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

————————————

**RESPONDENT-APPELLEE'S PETITION FOR PANEL REHEARING
OR REHEARING EN BANC**

————————————

ANDREA JOY CAMPBELL
*Attorney General of Massachusetts*

Gabriel T. Thornton, 1st Cir. No. 1189527
*Assistant Attorney General*
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2225
email:  gabriel.thornton@mass.gov

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................... ii

STATEMENT REQUIRED BY FED. R. APP. P. 40(b) ..........................................1

STATEMENT OF THE CASE..................................................................2

ARGUMENT ....................................................................................5

    PANEL REHEARING OR REHEARING EN BANC IS
        NECESSARY BECAUSE THE PANEL'S DECISION IS
        CONTRARY TO AT LEAST ONE SUPREME COURT
        DECISION, THE TEXT OF THE RELEVANT STATUTORY
        SCHEME, AND THE CASELAW INTERPRETING THAT
        SCHEME...........................................................................5

    A.    Pre-Authorization, Magwood, and Diatchenko .........................5

    B.    The Majority Misapprehended the Relevant Statute,
        Congressional Intent, and Supreme Court Precedent. ...............8

CONCLUSION..................................................................................16

CERTIFICATE OF COMPLIANCE....................................................................17

CERTIFICATE OF SERVICE ..............................................................17

STATUTORY ADDENDUM ...............................................................18

# TABLE OF AUTHORITIES

## Cases

American Trucking Ass'ns, Inc. v. R.I. Tpk. & Bridge Auth.,
    123 F.4th 27 (1st Cir. 2024) .......................................................................9

Bradshaw v. Richey,
    546 U.S. 74 (2005) .....................................................................................9

Burton v. Stewart,
    549 U.S. 147 (2007) .................................................................................10

Cassidy v. Sec'y, Fla. Dep't of Corr.
    119 F.4th 1336 (11th Cir. 2024) ............................................................ 14, 16

Commonwealth v. Donovan,
    422 Mass. 349, 662 N.E.2d 692 (1996). ...................................................2

Diatchenko v. Dist. Att'y for Suffolk Dist.,
    466 Mass. 655, 1 N.E.3d 270 (2013) ............................................... *passim*

Donovan v. Duval,
    No. 97-11275-MLW (D. Mass. Aug. 26, 2002) ........................................2

Donovan v Massachusetts Parole Bd.,
    162 F.4th 267 (1st Cir. 2025) ........................................................ *passim*

FDA v. R.J. Reynolds Vapor Co.,
    606 U.S. 226 (2025) .................................................................................11

In re Edwards,
    98 F.4th 425 (3d Cir. 2024) .....................................................................15

James v. Goguen,
    No. 19-2215, 2021 WL 10132614 (1st Cir. Jun. 8, 2021) .......................12

James v. Goguen,
    No. 4:18-cv-11960-TSH, 2019 WL 6130669 (D. Mass. Sep. 30, 2019) .............11

ii

James v. Goguen,
   No. 4:18-cv-11960-TSH, 2019 WL 6130672 (D. Mass. Oct. 24, 2019)..............12

James v. Goguen,
   424 F.Supp.3d 154 (D. Mass. 2019). ..................................................................12

Johnson v. Williams,
   568 U.S. 289 (2013)...........................................................................................16

Magwood v. Patterson,
   561 U.S. 320 (2010)..................................................................................... *passim*

Marshall v. Bristol Superior Ct.,
   753 F.3d 10 (1st Cir. 2014)...................................................................................9

Miller v. Alabama,
   567 U.S. 460 (2012)...........................................................................................13

Montgomery v. Louisiana,
   577 U.S. 190 (2016)........................................................................... 1, 5, 13, 14

Osbourne v. Sec'y, Fla. Dep.'t of Corr.,
   968 F.3d 1261 (11th Cir. 2020) .................................................................... 15, 16

Patterson v. Sec'y, Fla. Dept. of Corr.,
   849 F.3d 1321 (11th Cir. 2017) ............................................................... 8, 14, 15

Shoop v. Twyford,
   596 U.S. 811 (2022)..............................................................................................9

United States v. Buenrostro,
   895 F.3d 1160 (9th Cir. 2018) ...........................................................................15

Virginia v. Hicks,
   539 U.S. 113 (2003)..............................................................................................9

## **Statutes and Court Rules**

28 U.S.C. § 2244 .................................................................8

28 U.S.C. § 2244(b) ..................................................... *passim*

28 U.S.C. § 2244(b)(3) ........................................................5

28 U.S.C. § 2244(b)(3)(C) ...................................................6

28 U.S.C. § 2253(c)(2) ........................................................12

28 U.S.C. § 2254 .................................................................12

28 U.S.C. § 2254(a) .............................................................8

28 U.S.C. § 2254(b)(1) ........................................................10

28 U.S.C. § 2255 .................................................................11

Fed. R. Crim. P. 32(k)(1) ...................................................11

Mass. Gen. Laws ch. 265, § 2 .........................................6, 7

Mass. Gen. Laws ch. 278, § 33E.........................................3

## <u>STATEMENT REQUIRED BY FED. R. APP. P. 40(b)</u>

Contrary to at least one decision of the United States Supreme Court, and over the objections of a vigorous and thorough dissent, the majority of a panel of this Court decided that the petitioner-appellant, Joseph Donovan ("petitioner"), does not need pre-authorization from this Court before filing his second federal habeas petition to challenge a Massachusetts state-court conviction for murder. <u>See</u> <u>Donovan v Massachusetts Parole Bd.</u>, 162 F.4th 267, 279 (1st Cir. 2025) (Lynch, J., dissenting) (stating majority's conclusion "squarely conflicts" with <u>Montgomery v. Louisiana</u>, 577 U.S. 190 (2016)). That decision, which is also contrary to the relevant text of the federal habeas statutes and caselaw interpreting those statutes, presents a question of exceptional importance for the finality of a class of Massachusetts convictions, because it could allow a large number of persons in the same position as the petitioner to file second or successive petitions without pre-authorization from this Court. <u>See</u> <u>id.</u> at 281 ("Each step in the majority's analysis is wrong both as a matter of AEDPA's text and congressional intent and separately as a matter of Supreme Court and circuit habeas caselaw."); <u>id.</u> at 279 (observing "majority permits" certain juvenile offenders "to bypass AEDPA's gatekeeping restrictions on successive federal habeas petitions"). For at least those reasons, panel rehearing or rehearing en banc is necessary. <u>See</u> <u>id.</u> at

278 ("Given the majority's multiple legal errors, this case warrants further review.").

## STATEMENT OF THE CASE

A Massachusetts Superior Court jury convicted the petitioner of two offenses: (1) murder in the first degree for the stabbing death of Yngve Raustein during an armed robbery; and (2) armed robbery of Arne Fredheim. Commonwealth v. Donovan, 422 Mass. 349, 350, 351, 662 N.E.2d 692, 694, 695 (1996). The petitioner was seventeen years old at the time of the murder. Doc. No. 1-2 at 42.[1] When he was sentenced, in 1993, he received the mandatory sentence of life without the possibility of parole on the murder conviction. Doc. No. 1-1 at 53. In 1997, the petitioner filed his first federal habeas corpus petition, JA 22, which was denied in 2002, and the petitioner did not appeal. JA 29; Donovan v. Duval, No. 97-11275-MLW, slip op. at 8 (D. Mass. Aug. 26, 2002); Doc No. 1-2 at 314.

Following the Massachusetts Supreme Judicial Court's ("SJC") decision in Diatchenko v. Dist. Att'y for Suffolk Dist., 466 Mass. 655, 1 N.E.3d 270 (2013), which held that the Massachusetts constitution prohibits sentencing juvenile offenders to life without the possibility of parole, the petitioner was granted a

---

[1] References to "Add." are to the addendum to the petitioner's brief; to "JA" are to the joint appendix; and to "Doc. No." are to an entry on the district court's docket.

2

hearing before the Massachusetts Parole Board, and in 2014, he was paroled.  Doc.

No. 1-1 at 69; see Diatchenko, 466 Mass. at 674, 1 N.E.3d at 286-87.  In the

ensuing years, the petitioner sought collateral relief in state court.  Doc. No. 1-1 at

72.  The Massachusetts Superior Court held an evidentiary hearing in 2017, and

subsequently issued a 40-page decision denying relief.  Id.  The petitioner then

filed, pursuant to Massachusetts General Laws chapter 278, section 33E, an

application for leave to appeal from the denial of his motion for a new trial, which

was denied by a single justice of the SJC, because the petitioner had "not raised an

issue that is 'substantial' within the meaning of [section] 33E . . . ."  Doc. No. 1-3

at 56.[2]

On December 1, 2020, the petitioner filed in this Court an application for

permission to file a second or successive habeas petition, which the respondent

opposed.  JA 7.  On September 8, 2022, this Court transferred the case to the

district court to "determine" "in the first instance" "whether [the petitioner's]

claims require pre-authorization."  Id. at 80.  This Court noted that the petitioner

"was imprisoned pursuant to a judgment that imposed a sentence of life without

parole, but the sentence later was modified to allow for the possibility of parole."

---

[2] Massachusetts General Laws chapter 278, section 33E, prohibits an appeal from
the denial of a postconviction motion filed after the SJC affirms a first-degree
murder conviction, unless a single justice of SJC, acting as a gatekeeper to the full
court, approves an application to appeal "on the ground that it presents a new and
substantial question which ought to be determined by the full court."

Id. at 79.  The Court observed that "[t]he record presented does not indicate any formal judicial action changing the judgment to allow for parole."  Id. at 80. Instead, "[t]he appearance given is that the criminal judgment was constructively amended by the state and the parole board without recourse to a court."  Id. at 80. But, "[i]n any event, the sentence modification could implicate the principles discussed by the United States Supreme Court in Magwood v. Patterson, 561 U.S. 320 (2010) [,]" in which the Court allowed a prisoner to pursue a second federal habeas petition without prior authorization from a court of appeals because a new criminal judgment had issued following the adjudication of his first petition.  Id. at 80 (emphasis in original).

On September 15, 2023, the district court concluded that the petitioner's "claims do require pre-authorization."  JA 3; Add. 18.  Based on Diatchenko's holding that life sentences for the relevant juveniles "remain[ed] in full force and effect, but the statutory exception to parole eligibility no longer applies," the district court reasoned that the petitioner had not been resentenced.  Add. 21 (quoting Diatchenko, 466 Mass. at 673, 1 N.E.3d at 286).  The district court decided that, therefore, "there was no intervening judgment between petitioner's 1997 habeas petition and the one he seeks to file" now.  Id. at 22.

As noted, a panel of this Court reversed, over a vigorous dissent.  JA 4; Add. 26; Donovan, 162 F.4th at 270, 278-88.  In the majority's view, the modification of

4

the statute that defines petitioner's sentence "constitutes a new judgment," such that the "stringent gatekeeping requirements" of 28 U.S.C. section 2244(b) do not apply.  Id. at 269, 270 (quotation marks omitted).  Thus, the majority determined that the petitioner "need not receive pre-authorization from this [C]ourt prior to filing his second-in-time petition."  Id. at 270.

## **ARGUMENT**

**PANEL REHEARING OR REHEARING EN BANC IS NECESSARY BECAUSE THE PANEL'S DECISION IS CONTRARY TO AT LEAST ONE SUPREME COURT DECISION, THE TEXT OF THE RELEVANT STATUTORY SCHEME, AND THE CASELAW INTERPRETING THAT SCHEME.**

The majority erred by disregarding the reasoning of Montgomery v. Louisiana, 577 U.S. 190 (2016), the statutory scheme that governs federal habeas petitions, and the caselaw that interprets that scheme.  As context for its explanation as to why the majority's mistakes militate in favor of rehearing, the respondent first describes (1) the pre-authorization requirement, (2) the exception to that requirement created by Magwood, and (3) the SJC's reasoning in Diatchenko.

### A.    **Pre-Authorization, Magwood, and Diatchenko**

Petitioners seeking to file a second or successive application for habeas relief must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3).  A court of appeals may not issue such an authorization unless "it determines that the

5

application makes a prima facie showing that the application satisfies the requirements" of section 2244(b).  28 U.S.C. § 2244(b)(3)(C).

In <u>Magwood</u>, the Supreme Court held that where "there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not a second or successive petition at all."  561 U.S. at 341-42 (quotation marks omitted).  <u>Magwood</u> involved a prisoner who challenged both his death sentence and his conviction through a federal habeas corpus petition. <u>Id.</u> at 323.  The district court conditionally granted the writ as to the sentence and ordered that Magwood be released or resentenced.  <u>Id.</u>  After conducting a new sentencing hearing, the state trial court sentenced Magwood to death once again, expressly entering a new judgment and stating that "the new judgment and sentence were the result of a complete and new assessment of all of the evidence." <u>Id.</u> at 326 (quotation marks and citation omitted).  Magwood then filed a second federal habeas petition that the Eleventh Circuit held to be a second or successive one under section 2244(b).  <u>Id.</u> at 323.  The Supreme Court reversed because Magwood's "habeas application challenge[d] a new judgment for the first time, [so] it [was] not a 'second or successive' petition under § 2244(b)."  <u>Id.</u> at 323-24.

In <u>Diatchenko</u>, the SJC held that the mandatory sentence of life without the possibility of parole required by Massachusetts General Laws chapter 265, section 2, the statute that imposes the punishment for first-degree murder, was

unconstitutional when applied to juveniles.  466 Mass. at 667, 1 N.E.3d at 282.

The SJC explained that the "unconstitutionality of this punishment arises not from

the imposition of a sentence of life in prison, but from the absolute denial of any

possibility of parole."  Id. at 671, 1 N.E.3d at 285.  In deciding how to remedy the

state constitutional violation, the SJC noted that the Massachusetts Legislature

specifically included a severability clause in Massachusetts General Laws chapter

265, section 2, mandating that if any one portion of the statute was declared

invalid, "'such invalidity shall not affect other provisions or applications of this act

which can be given effect without the invalid provisions or applications.'"  Id. at

672-73, 1 N.E.3d at 286.  The SJC, thus, concluded that the "fourth sentence of

Mass. Gen. Laws ch. 265, § 2, which sets forth the exception to parole eligibility

[for those convicted of first-degree murder], [wa]s invalid as applied to juvenile

homicide offenders[,]" but the rest of the statute had "independent force and

c[ould] be given effect without the invalid provisions."  Id. (quotation marks

omitted).  The SJC then clarified that "[t]he punishment for the commission of

[murder in the first degree] is imprisonment in the [S]tate prison for life" and this

did not change.  Id. at 673, 1 N.E.3d at 286 (quotation marks omitted; third

alteration in Diatchenko).

Importantly, the SJC declared, Diatchenko was "not entitled to be

resentenced given that he was not improperly sentenced in the first instance, but

only was denied the chance to be considered for parole." 466 Mass. at 674, 1

N.E.3d at 286. Instead, Diatchenko's "life sentence remain[ed] in full force and

effect, but the statutory exception to parole eligibility no longer appli[ed] to him."

Id. at 673, 1 N.E.3d at 286. The result was that Diatchenko became immediately

eligible to apply for parole. Id. at 673-74, 1 N.E.3d at 286.

### B.   The Majority Misapprehended the Relevant Statute, Congressional Intent, and Supreme Court Precedent.

The majority's analysis is contrary not only to the text of the relevant

statutory scheme and congressional intent but also to Supreme Court caselaw.

Rehearing or rehearing en banc is necessary.

Turning first to the statutory scheme, to proceed with a federal habeas

petition, an individual must be "in custody" pursuant to the state-court "judgment"

that he challenges through the petition. 28 U.S.C. § 2254(a). The petitioner's

sentence at the time of his conviction in 1993 was life in prison. He has been

released on parole, but he is on parole pursuant to the same judgment that was

entered in 1993. That is the one and only operative state-court judgment in the

instant case. Cf. Patterson v. Sec'y, Fla. Dept. of Corr., 849 F.3d 1321, 1325 (11th

Cir. 2017) (en banc) (stating "[t]he judgment that matters for purposes of section

2244 is 'the judgment authorizing the prisoner's confinement'" (quoting

Magwood, 561 U.S. at 332)). The availability of parole eligibility that resulted

from Diatchenko did not alter the 1993 judgment that sentenced the petitioner to

8

life in prison.  As noted, the SJC specifically declared that life sentences such as his remained in "full force and effect." See Donovan, 162 F.4th at 282 (explaining that "[t]he SJC has expressly stated as a matter of state law that no new judgment or sentence has been entered").  The SJC's reasoning in Diatchenko, which was based on the severability provision of Massachusetts's murder statute, should have controlled the question of whether the petitioner received a new judgment or sentence, because this Court is bound by the SJC's construction of a Massachusetts statute.  See id. (citing Virginia v. Hicks, 539 U.S. 113, 121 (2003), which held question of severability of a local policy was matter of state law); American Trucking Ass'ns, Inc. v. R.I. Tpk. & Bridge Auth., 123 F.4th 27, 51 (1st Cir. 2024) ("Severability is a matter of state law.").  Otherwise put, the SJC made clear its intent in Diatchenko and its characterization of its own holding should have been entitled to deference here, particularly given the interests of finality, comity, and judicial efficiency that undergird the federal habeas statutory scheme.  Cf. Marshall v. Bristol Superior Ct., 753 F.3d 10, 18-19 (1st Cir. 2014).  See Donovan, 162 F.4th at 286 (citing Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); Shoop v. Twyford, 596 U.S. 811, 818 (2022) (referring to "the principles of comity, finality, and federalism").

But even without the appropriate deference to the SJC's construction of a Massachusetts statute, the panel, by properly parsing the relevant federal statutes, still should have determined unanimously that the petitioner did not receive a new judgment.  The limitations on successive petitions provided in section 2244(b) apply to an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court."  Magwood, 561 U.S. at 332 (quoting 28 U.S.C. § 2254(b)(1)) (emphasis in Magwood).  In Magwood, the Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged."  Id. at 333.  And it is only where "there is a 'new judgment intervening between the two habeas petitions'" that "an application challenging the resulting new judgment is not 'second or successive.'" Id. at 341-42 (quoting Burton v. Stewart, 549 U.S. 147, 156 (2007) (citation omitted)).  Here, unlike in Magwood, there was no new assessment of any of evidence by the state court, nor was there a similar "new judgment and sentence" between the petitioner's two habeas petitions.  Contrary to the conclusion of the majority, the petitioner's original judgment was not changed by any Massachusetts court and there simply was not a new "judgment" as Magwood understood that term of art.

Additionally, the dissent persuasively demonstrates, purely as a matter of statutory interpretation, and even aside from Magwood's reasoning, that

Congress's use of the word "judgment" in section 2254(b), rather than "sentence," necessarily was deliberate. Donovan, 162 F.4th at 283 (quoting Fed. R. Crim. P. 32(k)(1), which states that a "judgment of conviction" "set[s] forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence"). Indeed, a comparison of the text of section 2254, which governs federal habeas petitions that challenge state convictions and refers to the "judgment" of a state court, to that of section 2255, which governs post-conviction challenges to federal convictions and refers instead to a prisoner's challenge to his "sentence," confirms that Congress understood there to be a difference between those two terms. That difference, and the use of the word "judgment" in the section 2254 scheme leads to the conclusion that Donovan was required to receive pre-authorization prior to filing his second petition. See id. at 284 (citing 28 U.S.C. §§ 2254, 2255); FDA v. R.J. Reynolds Vapor Co., 606 U.S. 226, 238 (2025) ("When Congress uses 'one term in one place, and a materially different term in another, the presumption is that the different term denotes a different idea.")).

Until the majority decision here, that view appears to have been adopted, or at least not cast into doubt, by every judge to have considered the question. In addition to the district judge here, a magistrate judge in a different case concluded that the relevant petition was "second or successive" and that, therefore, pre-authorization was required. See James v. Goguen, No. 4:18-cv-11960-TSH, 2019

WL 6130669, at *6-*7 (D. Mass. Sep. 30, 2019) (unpublished).  In that case, the

magistrate judge determined that "[p]ursuant to Diatchenko, [the petitioner's] life

sentence remain[ed] in full force and effect."  Id. at *6 (citing Diatchenko, 466

Mass. at 673, 1 N.E.3d at 286).  "Striking parole ineligibility from [the

petitioner's] sentence did not alter the . . . judgment authorizing [the petitioner's]

confinement for life in prison."  Id. at *6.  "Thus, there was no intervening

judgment between [the first] habeas petition and the [second] petition."  Id. at *6.

A different district judge then adopted that report and recommendation and denied

a certificate of appealability.  James v. Goguen, No. 4:18-cv-11960-TSH, 2019

WL 6130672, at *1 (D. Mass. Oct. 24, 2019); James v. Goguen, 424 F.Supp.3d

154, 157 (D. Mass. 2019).  And this Court likewise denied a certificate of

appealability because "the district court's disposition of the petition was neither

debatable nor wrong, and . . . the petitioner has therefore failed to make 'a

substantial showing of the denial of a constitutional right.'"  James v. Goguen,

No. 19-2215, 2021 WL 10132614, at *1 (1st Cir. Jun. 8, 2021) (quoting 28 U.S.C.

§ 2253(c)(2)) (unpublished).  Given the SJC's express intent and the plain

language of section 2254, there was no persuasive reason for the majority to reach

a different result in this case.

But even putting these dispositions aside, and perhaps most significantly

with respect to the necessity of rehearing en banc, the majority's reasoning and

conclusion are directly contrary to the Supreme Court's teachings in <u>Montgomery</u>, which is the case that determined that <u>Miller v. Alabama</u>, 567 U.S. 460 (2012), had retroactive effect.  577 U.S. at 212 (referring to "<u>Miller</u>'s conclusion that the sentence of life without parole is disproportionate for the vast majority of juvenile offenders").  In <u>Montgomery</u>, the Court explained that "[a] State may remedy a <u>Miller</u> violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them."  <u>Id.</u>  In <u>Diatchenko</u>, the SJC presciently adopted that exact approach.  But contrary to <u>Montgomery</u>'s explicit provision that consideration for parole is <u>not</u> a resentencing, the majority concluded that <u>Diatchenko</u> somehow <u>did</u> resentence defendants like the petitioner.  Moreover, <u>Montgomery</u> observed that permitting juvenile homicide offenders to be considered for parole would not "disturb the finality of state convictions."  <u>Id.</u>  The Court explained that by making <u>Miller</u>'s holding retroactive, it was <u>not</u> requiring states "to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole."  <u>Id.</u>  Yet, under the majority's decision, the Commonwealth of Massachusetts now must relitigate in federal court the validity of the petitioner's conviction, potentially his sentence (if he successfully includes an attack on that too in his new petition), and the validity of the convictions or sentences of other individuals in the petitioner's position.  The

majority's decision, thus, opens a door that Montgomery said would remain closed. The two decisions are not compatible.

Aspects of the majority reasoning are also incompatible with aspects of rulings made by more than one of this Court's sister circuits. See 162 F.4th at 287-88. First, as explained by the dissent, the majority misapplies the Eleventh Circuit's holding in Cassidy v. Sec'y, Fla. Dep't of Corr. that "the judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention." 119 F.4th 1336, 1344 (11th Cir. 2024); Donovan, 162 F.4th at 287 (additional emphasis in Donovan). Unlike in Cassidy, where a state court vacated part of the petitioner's original judgment and entered an amended judgment, the petitioner's judgment in the instant case was never vacated or amended by any court.

Second, as also delineated by the dissent, the majority's conclusion conflicts with the Eleventh Circuit's en banc holding in Patterson v. Sec'y, Fla. Dep't of Corr. "that an order excusing the petitioner from the chemical castration punishment incorporated into his original sentence did not constitute a new judgment." Donovan, 162 F.4th at 287 (citing Patterson, 849 F.3d at 1325-26). In that case, the Eleventh Circuit reasoned that because the state "trial court never issued a new prison sentence," the order prohibiting castration "impos[ed] no sentence and g[ave] the [state department of correction] no [new source of]

authority" to confine the petitioner.  Id. (quoting Patterson, 849 F.3d at 1326 (first

and second alteration in Donovan)).  Here, too, no new sentence was issued by a

state court.

Third, even if this Court were to put aside SJC's express statement in

Diatchenko that the sentences at issue would remain in "full force and effect"

(which it should not), the dissent correctly noted that "the majority's reasoning

contradicts the Ninth Circuit's holding, cited approvingly by the Third Circuit, that

even 'to create a new [federal] judgment, a change to a sentence must be

accompanied by a legal invalidation of the prior judgment.'"  Donovan, 162 F.4th

at 287 (quoting United States v. Buenrostro, 895 F.3d 1160, 1165 (9th Cir. 2018))

(alteration in Donovan), and citing In re Edwards, 98 F.4th 425, 433 (3d Cir.

2024)).  "Legal invalidation[,]" which did not happen in the instant case, is the

"essential criterion," not "the imposition of a sentence."  Id. (quoting Buenrostro,

895 F.3d at 1165-66).

Finally, the majority's failure to appropriately defer to the SJC's

interpretation of Massachusetts law in Diatchenko puts the panel's decision

"squarely at odds" with the Eleventh Circuit.  Donovan, 162 F.4th at 287.  The

Eleventh Circuit concluded correctly in Osbourne v. Sec'y, Fla. Dep.'t of Corr.,

968 F.3d 1261 (11th Cir. 2020), that it had to defer to a state court's ruling that the

petitioner's amended sentence was entered nunc pro tunc, which ruling was "the

determining factor as to whether the state court judgment is a 'new judgment' for purposes of [section] 2244(b)." Donovan, 162 F.4th at 287 (quoting Osbourne, 968 F.3d at 1266); see Cassidy, 119 F.4th at 1341-42 (applying Osbourne). Even if Diatchenko were construed as amending a sentence, it effectively did the same as the state court's ruling in Osbourne. The majority's statement that no state court "has specifically declared that Donovan's modified sentence applied nunc pro tunc[,]" 162 F.4th at 276, requires of Massachusetts state courts the type of "opinion-writing standards" against which the Supreme Court has cautioned. Johnson v. Williams, 568 U.S. 289, 300 (2013). Rehearing or rehearing en banc is warranted.

## CONCLUSION

For the foregoing reasons, the decision of the panel should be reconsidered, by the panel or by the Court en banc, and it should be affirmed.

Respectfully submitted,

ANDREA JOY CAMPBELL
*Attorney General of Massachusetts*

/s/ Gabriel Thornton
Gabriel Thornton, 1st Cir. No. 1189527
*Assistant Attorney General*
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2225
email: gabriel.thornton@mass.gov

Date: January 27, 2026

## CERTIFICATE OF COMPLIANCE

1.     This petition complies with the type-volume limitation of Fed. R. App. P. 40(d)(3)(A) because it contains 3,890 words, excluding the parts of the petition exempted by Fed. R. App. P. 32(f), according to the Microsoft Word word-processing system used to prepare the petition.

2.     This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ Gabriel Thornton
Gabriel Thornton
Counsel for Respondent-Appellee

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the Electronic Case Filing system on January 27, 2026, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated:  January 27, 2026            /s/ Gabriel Thornton
Gabriel Thornton

17

## STATUTORY ADDENDUM

28 U.S.C. § 2244 .......................................................................................... 19

28 U.S.C. § 2253 .......................................................................................... 21

28 U.S.C. § 2254 .......................................................................................... 21

28 U.S.C. § 2255 .......................................................................................... 24

Fed. R. Crim. P. 32 ....................................................................................... 26

Mass. Gen. Laws ch. 265, § 2 ...................................................................... 32

Mass. Gen. Laws ch. 278, § 33E ................................................................... 33

## TITLE 28 OF THE UNITED STATES CODE

**SECTION 2244    Finality of determination**

**(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

**(c)** In a habeas corpus proceeding brought in behalf of a person in custody pursuant to the judgment of a State court, a prior judgment of the Supreme Court of the United States on an appeal or review by a writ of certiorari at the instance of the prisoner of the decision of such State court, shall be conclusive as to all issues of fact or law with respect to an asserted denial of a Federal right which constitutes ground for discharge in a habeas corpus proceeding, actually adjudicated by the Supreme Court therein, unless the applicant for the writ of habeas corpus shall plead and the court shall find the existence of a material and controlling fact which did not appear in the record of the proceeding in the Supreme Court and the court shall further find that the applicant for the writ of habeas corpus could not have caused such fact to appear in such record by the exercise of reasonable diligence.

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.


## SECTION 2253    Appeal

**(a)** In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

**(b)** There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).


## SECTION 2254    State custody; remedies in Federal courts

**(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

**(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
>
> **(B)(i)** there is an absence of available State corrective process; or
>
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

**(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

**(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

**(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

**(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**(e)(1)** In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant

shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

**(2)** If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

    **(A)** the claim relies on--

        **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(f)** If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

**(g)** A copy of the official records of the State court, duly certified by the clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing such a factual determination by the State court shall be admissible in the Federal court proceeding.

**(h)** Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme

23

Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

**(i)** The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

### SECTION 2255   Federal custody; remedies on motion attacking sentence

**(a)** A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**(b)** Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

**(c)** A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

**(d)** An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

**(e)** An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it

also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**(g)** Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

**(h)** A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

## <u>FEDERAL RULES OF CRIMINAL PROCEDURE</u>

**Rule 32      Sentencing and Judgment**

**(a) [Reserved.]**

**(b) Time of Sentencing.**

> **(1) In General.** The court must impose sentence without unnecessary delay.

> **(2) Changing Time Limits.** The court may, for good cause, change any time limits prescribed in this rule.

**(c) Presentence Investigation.**

> **(1) Required Investigation.**

>> **(A) In General.** The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless:

>>> **(i)** 18 U.S.C. § 3593(c) or another statute requires otherwise; or

>>> **(ii)** the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record.

>> **(B) Restitution.** If the law permits restitution, the probation officer must conduct an investigation and submit a report that contains sufficient information for the court to order restitution.

> **(2) Interviewing the Defendant.** The probation officer who interviews a defendant as part of a presentence investigation must, on request, give the defendant's attorney notice and a reasonable opportunity to attend the interview.

**(d) Presentence Report.**

    **(1) Applying the Advisory Sentencing Guidelines.** The presentence report must:

        **(A)** identify all applicable guidelines and policy statements of the Sentencing Commission;

        **(B)** calculate the defendant's offense level and criminal history category;

        **(C)** state the resulting sentencing range and kinds of sentences available;

        **(D)** identify any factor relevant to:

            **(i)** the appropriate kind of sentence, or

            **(ii)** the appropriate sentence within the applicable sentencing range; and

        **(E)** identify any basis for departing from the applicable sentencing range.

    **(2) Additional Information.** The presentence report must also contain the following:

        **(A)** the defendant's history and characteristics, including:

            **(i)** any prior criminal record;

            **(ii)** the defendant's financial condition; and

**(iii)** any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment;

**(B)** information that assesses any financial, social, psychological, and medical impact on any victim;

**(C)** when appropriate, the nature and extent of nonprison programs and resources available to the defendant;

**(D)** when the law provides for restitution, information sufficient for a restitution order;

**(E)** if the court orders a study under 18 U.S.C. § 3552(b), any resulting report and recommendation;

**(F)** a statement of whether the government seeks forfeiture under Rule 32.2 and any other law; and

**(G)** any other information that the court requires, including information relevant to the factors under 18 U.S.C. § 3553(a).

**(3) Exclusions.** The presentence report must exclude the following:

**(A)** any diagnoses that, if disclosed, might seriously disrupt a rehabilitation program;

**(B)** any sources of information obtained upon a promise of confidentiality; and

**(C)** any other information that, if disclosed, might result in physical or other harm to the defendant or others.

**(e) Disclosing the Report and Recommendation.**

**(1) Time to Disclose.** Unless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty.

**(2) Minimum Required Notice.** The probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period.

**(3) Sentence Recommendation.** By local rule or by order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence.

**(f) Objecting to the Report.**

**(1) Time to Object.** Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.

**(2) Serving Objections.** An objecting party must provide a copy of its objections to the opposing party and to the probation officer.

**(3) Action on Objections.** After receiving objections, the probation officer may meet with the parties to discuss the objections. The probation officer may then investigate further and revise the presentence report as appropriate.

**(g) Submitting the Report.** At least 7 days before sentencing, the probation officer must submit to the court and to the parties the presentence report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them.

**(h) Notice of Possible Departure from Sentencing Guidelines.** Before the court may depart from the applicable sentencing range on a ground not identified for

departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

**(i) Sentencing.**

> **(1) In General.** At sentencing, the court:
>
>> **(A)** must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report;
>>
>> **(B)** must give to the defendant and an attorney for the government a written summary of--or summarize in camera--any information excluded from the presentence report under Rule 32(d)(3) on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information;
>>
>> **(C)** must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence; and
>>
>> **(D)** may, for good cause, allow a party to make a new objection at any time before sentence is imposed.
>
> **(2) Introducing Evidence; Producing a Statement.** The court may permit the parties to introduce evidence on the objections. If a witness testifies at sentencing, Rule 26.2(a)-(d) and (f) applies. If a party fails to comply with a Rule 26.2 order to produce a witness's statement, the court must not consider that witness's testimony.
>
> **(3) Court Determinations.** At sentencing, the court:

**(A)** may accept any undisputed portion of the presentence report as a finding of fact;

**(B)** must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and

**(C)** must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

**(4) Opportunity to Speak.**

**(A) By a Party.** Before imposing sentence, the court must:

**(i)** provide the defendant's attorney an opportunity to speak on the defendant's behalf;

**(ii)** address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; and

**(iii)** provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney.

**(B) By a Victim.** Before imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard.

**(C) In Camera Proceedings.** Upon a party's motion and for good cause, the court may hear in camera any statement made under Rule 32(i)(4).

**(j) Defendant's Right to Appeal.**

**(1) Advice of a Right to Appeal.**

    **(A) Appealing a Conviction.** If the defendant pleaded not guilty and was convicted, after sentencing the court must advise the defendant of the right to appeal the conviction.

    **(B) Appealing a Sentence.** After sentencing--regardless of the defendant's plea--the court must advise the defendant of any right to appeal the sentence.

    **(C) Appeal Costs.** The court must advise a defendant who is unable to pay appeal costs of the right to ask for permission to appeal in forma pauperis.

**(2) Clerk's Filing of Notice.** If the defendant so requests, the clerk must immediately prepare and file a notice of appeal on the defendant's behalf.

**(k) Judgment.**

**(1) In General.** In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. If the defendant is found not guilty or is otherwise entitled to be discharged, the court must so order. The judge must sign the judgment, and the clerk must enter it.

**(2) Criminal Forfeiture.** Forfeiture procedures are governed by Rule 32.2.

**<u>MASSACHUSETTS GENERAL LAWS</u>**

**CHAPTER 265    CRIMES AGAINST THE PERSON**

**SECTION 2        Punishment for murder; parole; executive clemency**

(a) Except as provided in subsection (b), any person who is found guilty of murder in the first degree shall be punished by imprisonment in the state prison for life and shall not be eligible for parole pursuant to section 133A of chapter 127.

(b) Any person who is found guilty of murder in the first degree who committed the offense on or after the person's fourteenth birthday and before the person's eighteenth birthday shall be punished by imprisonment in the state prison for life and shall be eligible for parole after the term of years fixed by the court pursuant to section 24 of chapter 279.

(c) Any person who is found guilty of murder in the second degree shall be punished by imprisonment in the state prison for life and shall be eligible for parole after the term of years fixed by the court pursuant to section 24 of chapter 279.

(d) Any person whose sentence for murder is commuted by the governor and council pursuant to section 152 of chapter 127 shall thereafter be subject to the laws governing parole.

## CHAPTER 278    TRIALS AND PROCEEDINGS BEFORE JUDGMENT

## SECTION 33E    Capital cases; review by supreme judicial court

In a capital case as hereinafter defined the entry in the supreme judicial court shall transfer to that court the whole case for its consideration of the law and the evidence. Upon such consideration the court may, if satisfied that the verdict was against the law or the weight of the evidence, or because of newly discovered evidence, or for any other reason that justice may require (a) order a new trial or (b) direct the entry of a verdict of a lesser degree of guilt, and remand the case to the superior court for the imposition of sentence. For the purpose of such review a capital case shall mean: (i) a case in which the defendant was tried on an indictment for murder in the first degree and was convicted of murder in the first degree; or (ii) the third conviction of a habitual offender under subsection (b) of section 25 of chapter 279. After the entry of the appeal in a capital case and until the filing of the rescript by the supreme judicial court motions for a new trial shall be presented to that court and shall be dealt with by the full court, which may itself hear and determine such motions or remit the same to the trial judge for hearing

and determination. If any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court.